JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07639-RGK (PLA) | Date | December 9, 2014 |
|---|---|---|---|
| Title | *CALIFORNIA BANK & TRUST v. SAFADY, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 18)

## I.   INTRODUCTION

On September 26, 2014, California Bank & Trust ("Plaintiff") filed a Petition to Confirm Contractual Arbitration Award (the "Petition") pursuant to California Code of Civil Procedure Sections 1285 *et seq.* in Los Angeles County Superior Court against two defendants: Gary Safady ("Safady") and John Bersci ("Bersci") (collectively, "Defendants"). On October 1, 2014, Safady removed the action to this Court.

## II.   STANDARD OF REVIEW

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, *et seq.* The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

## III.   DISCUSSION

Where a petition to confirm an arbitration award is brought under a state arbitration statute, "the parties must establish either diversity or federal question jurisdiction before a federal court may hear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07639-RGK (PLA) | Date | December 9, 2014 |
|---|---|---|---|
| Title | ***CALIFORNIA BANK & TRUST v. SAFADY, et al.*** | | |

their claims." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833-34 (9th Cir. 2004).

    A.    **Federal Question Jurisdiction**

Safady removed the action to this Court on the basis of federal question jurisdiction. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In the context of a petition to confirm or vacate an arbitration award, "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition." *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004); *see Carter*, 374 F.3d at 836 ("[I]t is not the presence of federal issues in an underlying arbitration that determines whether federal question jurisdiction exists, but rather the grounds asserted for federal review in a well-pleaded petition."). In *Carter*, the Ninth Circuit held that no federal question was raised by a petition to confirm an arbitration award brought in California Superior Court where it "primarily invoked provisions of the California Arbitration Act." *Carter*, 374 F.3d at 837. This was despite the fact that the underlying arbitration involved issues pertaining to the proper application of the federal Employee Retirement Income Security Act. *Id.* at 837-39.

Similarly, here Plaintiff filed its Petition in California Superior Court pursuant to the California Arbitration Act. The Petition, which is simply a completed version of the Judicial Council of California's form ADR-106, does not invoke or otherwise reference federal law.

Safady argues that the arbitrator manifestly disregarded federal law and policy, and that Safady "precisely pled" such disregard in a Petition to Vacate Arbitration Award he filed in a separate case before this Court on September 29, 2014. (*See Safady v. California Bank & Trust*, No. 14-cv-07546 RGK (PLAx), ECF No. 1.) However, Safady cites no authority for the proposition that in determining whether the Court has federal question jurisdiction over a party's petition to confirm, the Court may consider the allegations of an opposing party's petition to vacate, filed in a separate (though related) case. Such a reading would appear to contradict the Supreme Court's holding that federal question jurisdiction is predicated upon a party's statement of its own cause of action. *Vaden*, 556 U.S. at 60.

Safady also asserts that the arbitrator's manifest disregard of federal law can be seen from the text of the arbitration award itself, which Plaintiff attached to its Petition. Yet as the District Court for the Northern District of California noted in *Sharlands Terrace, LLC v. 1930 Wright Street, LLC*, "it is unclear how statements in the . . . [arbitration] award - even though they mention the [federal statute] - support federal jurisdiction where the petition to confirm is not based on . . . these statements." No. C-11-2503-EDL, 2011 WL 3566816, at *5 (N.D. Cal. Aug. 12, 2011) (citing *Luong*, 368 F.3d at 1111). Safady cites no authority in support of his position here, either, and thus fails to demonstrate federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07639-RGK (PLA) | Date | December 9, 2014 |
|---|---|---|---|
| Title | *CALIFORNIA BANK & TRUST v. SAFADY, et al.* | | |

### B. Diversity Jurisdiction

Safady does not allege diversity jurisdiction in his Notice of Removal, and alleges that he is "without knowledge or information sufficient to form a belief as to Mr. Berscri's [sic] citizenship." (Notice of Removal ¶ 3, ECF No. 1.) This falls short of the requirement, absent unusual circumstances, that a party seeking to invoke diversity jurisdiction "allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Safady does not dispute that he fails to show Bersci is a diverse party. Instead, he argues that the Court may "ignore Bersci's alleged California residency, because Bersci is a mere nominal defendant . . . ." (Def.'s Opp'n 11:1-4.) As Safadi admits, a "nominal" party is one who has "no interest in the action." (*See id.* at 11:10-13 (citing *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013).) Here, Bersci has a large interest in present action, as the underlying arbitration award ordered Bersci to pay damages to Plaintiff not to exceed "$4,605,522.19," plus interest.

Safady asserts that Bersci's default in the arbitration proceedings somehow renders him a "nominal" party. However, once again, Safady does not cite any authority for this proposition. While courts within the Ninth Circuit do not appear to have squarely addressed this issue, persuasive authority from other circuits has rejected such an argument. *See Am. Asset Finance, LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700-02 (D.N.J. 2011) (finding that default judgment did not render defendants nominal parties and granting plaintiff's motion to remand); *Schlegle & Sons Printing v. United English Breeders & Fanciers Ass'n, Inc.*, 682 F. Supp. 36, 37 (C.D. Ill. 1988) ("The Court, however, does not find that Kinsolving is a nominal party. Although Defendant Kinsolving has been defaulted, this Court would nevertheless have to enforce the default judgment against him."). The Court rejects this argument here as well.

Therefore, Safady has failed to show that the Court has subject matter jurisdiction over this case.

### C. Plaintiff's Request for Fees and Costs

The Court does not find removal objectively unreasonable, and thus declines to award attorney's fees or costs.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, with the exception of Plaintiff's request for an award of fees and costs.

**IT IS SO ORDERED.**

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-07639-RGK (PLA) | Date | December 9, 2014 |
|---|---|---|---|
| Title | *CALIFORNIA BANK & TRUST v. SAFADY, et al.* | | |

:

**Initials of Preparer**